IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

WILLIAM DIAZ,                                )
                                             )
                Plaintiff,                   )
                                             )
vs.                                          )      CIV-14- 821-F
                                             )
                                             )
OKLAHOMA BUREAU of                           )
NARCOTICS                                    )
                                             )
                                             )
                Defendant.                   )

## COMPLAINT

Plaintiff William Diaz, for his causes of action against the above named Defendant, Oklahoma Bureau of Narcotics (hereinafter "OBN" or "Defendant") alleges and states:

1.    Plaintiff William Diaz is of Hispanic descent and/or Mexican national origin. Plaintiff is a resident and citizen of the State of Oklahoma and is a current employee of Defendant.

2.    Defendant OBN is a state agency operating under the authority of the State of Oklahoma and is deemed an "employer" for purposes of Title VII of the Civil Rights Act. Plaintiff contends Defendant committed the federal employment violations enumerated herein within the Western District of Oklahoma.

3.    This cause of action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 USC section 2000e et seq. and 42 USC section 1981.

4.     Jurisdiction is invoked pursuant to 28 USC section 2000e-5(f).

5.     Venue is proper pursuant to 42 USC section 2000e-5(f)(3).  The unlawful employment practices alleged herein were committed in the Western District of Oklahoma.

6.     Plaintiff is a member of a group of persons protected by Title VII of the Civil Rights Act of 1964, 42 USC section 2000e et seq.

7.     Defendant is an employer within the meaning of the Title VII and employs and has employed, at all times relevant to this Complaint, the requisite number of people.

8.     Plaintiff brings this Complaint within 90 days of his receipt of "Notice of Suit Rights" letter from the EEOC.

## FACTS COMMON TO ALL CLAIMS

9.     Plaintiff became employed by Defendant in August 1996 as a law enforcement officer. Plaintiff's work product as an employee of Defendant was at all times well above average.

10.     Beginning in or around Year 2006 Plaintiff was subjected to a hostile work environment based upon his race and/or national origin.  The hostile work environment was created by virtue of derogatory comments and actions by supervisors which were specifically targeted against Hispanic persons.  Defendant was aware of the objectionable conduct but did nothing to remediate the objectionable conduct.  The conduct was pervasive and consistent and rose to a level in excess of what would be considered isolated incidents of discriminatory

conduct.

11.    Plaintiff made good faith complaints about the offensive conduct and requested that Defendant take steps to cease the offensive conduct.  Defendant did not take any remedial action whatsoever in response to Plaintiff's complaints. Defendant permitted the objectionable and offensive conduct to continue unabated. Plaintiff has been forced to transfer units under threat of termination and has been repeatedly threatened with termination as a result of his good faith complaints about perceived violations of the Title VII mandate.

12.    On or near January 2014 Plaintiff applied for an internal job posted by OBN (hereinafter "The Subject Job Position"). The Subject Job Position sought amounted to a promotion from Plaintiff's then current position. On information and belief, multiple persons including Plaintiff were interviewed for The Subject Job Position.

13.    Plaintiff was the most qualified applicant for The Subject Job Position by experience and professional accomplishment but was not selected by OBN for The Subject Job Position.  OBN selected a non-Hispanic person as the individual to whom The Subject Job Position would be given. Defendant's reason stated for refusing to hire or otherwise promote Plaintiff to The Subject Job Position was merely a pretext for an underlying unlawful motivation for the refusal to hire/refusal to promote.

14.    Plaintiff specifically alleges that he was not selected for The Subject Job Position because of his race and/or national origin.

15.   Plaintiff has exhausted his administrative remedies.

## COUNT I

16.   All previous paragraphs are incorporated by reference.

17.   A substantial and/or motivating factor for Defendant's failure to hire or otherwise promote Plaintiff to The Subject Job Position sought by Plaintiff on or near January 2014 was due to Plaintiff's race or national origin.

18.   The aforementioned act of the Defendant constitutes adverse employment action and amounts to unlawful discrimination against the Plaintiff on the basis of Plaintiff's race or national origin in violation of Title VII of the Civil Rights Act.

19.   The actions of the Defendant were malicious, willful and in gross disregard of the Plaintiff's rights.

20.   Defendant's failure to hire or otherwise promote Plaintiff to The Subject Job Position was a violation of Title VII because at the time of the denial of hire/refusal to promote Plaintiff was the most qualified applicant but was not given the job because of his race or national origin.

## COUNT II

21.   All previous paragraphs are incorporated by reference.

22.   The acts of Defendant in discriminating against Plaintiff due to his race or national origin constitute the denial of Plaintiff's right to make and enforce contracts on the same basis as persons of other races and national origins. Therefore Defendant's conduct is in direct violation of the mandate provided in 42 USC section 1981.

## COUNT III

23.     All previous paragraphs are incorporated by reference.

24.     Defendant's failure to hire or otherwise promote Plaintiff to The Subject Job Position in or near January 2014 -- after Plaintiff had reported what he perceived as race or national origin discrimination in the workplace -- amounted to unlawful retaliation against Plaintiff due to Plaintiff opposing violations of his federally protected rights. The failure to hire or otherwise promote Plaintiff – because Plaintiff made good faith complaints about perceived discrimination in the workplace -- constitutes unlawful retaliation against Plaintiff in violation of Title VII.

## COUNT IV

25.     All previous paragraphs are incorporated by reference.

26.     A substantial and/or motivating factor for the unequal terms of employment and the hostile work environment to which Plaintiff was exposed was due to Plaintiff's race or national origin.  Defendant's actions taken toward Plaintiff during the term of employment were discriminatory because race or national origin and were a substantial factor in the Defendant's conduct towards Plaintiff and the hostile work environment in which Plaintiff was placed.

27.     The aforementioned acts of the Defendant constitute maintenance of a hostile work environment and amounts to unlawful discrimination against Plaintiff on the basis of race or national origin.  As such, the conduct constitutes a violation of Title VII.

WHEREFORE, Plaintiff William Diaz prays for the following relief:

A.     Defendant be permanently enjoined along with its officers, agents, successors, employees, attorneys and any other person acting on behalf of or in concert with Defendant from discriminating against Plaintiff on the basis of race or national origin, or from retaliating against Plaintiff because of his participation in these proceedings.

B.     Grant to Plaintiff compensatory and consequential damages to compensate Plaintiff for loss of opportunities, pain, suffering, or other damage duly proved to have been suffered by Plaintiff because of Defendant's illegal conduct.

C.     Back pay and other benefits including wages to which Plaintiff would have been entitled but for the unlawful acts of the Defendant.

D.     Compensatory damages for humiliation, embarrassment and emotional and mental distress.

E.     Award to Plaintiff the costs of this action and reasonable attorney fees.

F.     Such other relief as the Court deems appropriate.

s/Michael S. Johnson
Michael S. Johnson, OBA #16970
4101 N Classen, Ste A
Oklahoma City, Ok 73118
Tel: 405-557-7824
Fax: 405-235-5587
ATTORNEY FOR PLAINTIFF,
WILLIAM DIAZ

**ATTORNEY LIEN CLAIMED/**
**JURY TRIAL DEMANDED**